Wayne Mortensen (#18519)
FARNSWORTH LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, AZ  85210
(480) 820-3600
Facsimile (480) 820-4800
fmcourt@gmail.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | In Proceedings Under Chapter Thirteen |
| DWIGHT D. BARNES | Case No. 4-05-bk-06085 EWH |
| Debtor | |
| WELLS FARGO BANK, N.A. | RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| Movant | |
| vs. | |
| DWIGHT D. BARNES and DIANNE C. KERNS, Trustee | |
| Respondent | |

COMES NOW Debtor, DWIGHT D. BARNES, by undersigned counsel, who hereby responds to the Motion for Relief from the Automatic Stay of WELLS FARGO BANK and states as follows:

1) Debtor filed his voluntary petition in the United States Bankruptcy Court for the District of Arizona on or about October 4, 2005, thereby commencing this above-captioned Chapter 13 proceeding.  DIANNE C. KERNS is the duly appointed, qualified and acting Chapter 13 Trustee in this matter.

2) Creditor, WELLS FARGO BANK, holds a perfected security interest in real property of the Debtor, commonly known as;

**5228 SOUTH LINNET AVENUE, TUCSON, ARIZONA 85706**

Lot 91 of AMHERST SOUTH, a subdivision of Pima County, Arizona, according to the Map or Plat in the office of the Pima County Recorder in Book 40 of Maps and Plats at Page 12.

1   3) Upon the filing of the Debtor's Chapter 13 proceeding, the Debtor was in arrears on his mortgage payments to Movant.

   4) Debtor has prepared a Chapter 13 Plan that provides for adequate protection of Movant's interest in that the Debtor is to maintain regular monthly payments to Movant outside of the Plan.

   5) Debtor wishes to retain the property and is currently working with Wells Fargo Bank on a possible loan modification. Therefore, the Debtor is requesting that the stay remain in effect while he reviews his options.

   6) The Debtor believes that there is sufficient equity in the property and that continued possession of the property is necessary for an effective reorganization. As per the holding of United States Assoc. v. Timbers of Inwood Forest, 484 U.S. 365, 98 L.Ed.2d 740, 108 S. Ct. 626 (1988), the continued possession of the property by the Debtors is "essential" for an effective reorganization, and there is a "reasonable possibility of a successful reorganization within a reasonable time."

   7) The party moving for lift of stay must, in the first instance, establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he/she is entitled to the stay. In re Curtis, 40 Bankr. 795 Utah (D.C.D. 1984); 11 U.S.C. Sec. 362(d)(1); In re UNR Industries, Inc., 54 Bankr. 263 (B.C.N.D. Ill. 1985). In re Planned Systems, Inc., 78 BR 852 (B.C.S.D. Ohio 1987); In re Kim, 71 BR 1011 (B.C.C.D. Cal 1987). As stated in In re Kim, "... a creditor seeking relief from the automatic stay has the burden proving evidence to make a prima facie case that the creditor is entitled to relief from the stay. In re Kim, supra at p. 853.

   8) An equity cushion alone is itself generally sufficient to constitute adequate protection. In re San Clemente Estates, 5 Br 605 (B.C.S.D. Cal. 1980); In re Johnston, 38 BR 34 (B.C.D.C. Vt. 1983); In re Grant, 29 BR 375 (B.C. M.D. Pa. 1983). Matter of Rice, 82 BR 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because creditor remains fully secured. In re Johnston, supra.

An equity analysis however, is not the sole aspect of determining whether to modify the stay and even if the Debtors have no equity in the property, this is not sufficient standing alone to grant relief from the stay. In re Mellow. 734 F. 2d 1396 (9th Cir. 1984). Disparity between the amount of debt and the collateral is not evidence of lack of adequate protection, and is not grounds for vacating the stay. In re Ausherman, 34 BR 393 (N.D. Ill. 1983).

If the existence of equity by the Debtor in the property were the sole criterion in determining whether there is adequate protection of a secured creditors' interest, then the stay would have to be lifted against tangible property in nearly every consumer bankruptcy. This result would be contrary to the spirit and purpose of the Bankruptcy Code.

WHEREFORE, premises considered, Respondent-Debtor prays that Movant-Creditor's Motion for Relief from the automatic stay be denied.

RESPECTFULLY SUBMITTED this __15th__ day of _____October_____, 2009.

FARNSWORTH LAW OFFICES

__/s/ Wayne Mortensen (#18519)__
Wayne Mortensen
Attorney for Debtor

Copies of the foregoing
sent this __15th__ day
of __October__ 2009, to:

Dianne C. Kerns, Trustee
mail@dcktrustee.com

Leonard McDonald
Tiffany & Bosco, P.A.
2525 E. Camelback Rd., Ste. 300
Phoenix, AZ 85016
Attorney for Movant

__/s/ Susan Krause__